No. 28,369.

THE WESTERN ELECTRIC COMPANY, *Appellant,* v. AUGUST UHLRIG, *Appellee.*

(273 Pac. 417.)

Opinion filed January 12, 1929.

*William E. Smith,* of Wamego, *E. C. Brookens, E. S. Francis, H. L. Hart,* all of Westmoreland, *Isaac P. Ryland, Frank A. Boys, Paul R. Stinson, Arthur Mag, Roy B. Thompson* and *C. L. Crocker,* all of Kansas City, Mo., for the appellant.

*W. F. Challis,* of Wamego, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the holder of two promissory notes to recover against the maker. The defense was failure of consideration. The important question was whether the holder was a

holder in due course. Trial was by the court, which found for defendant, and rendered judgment accordingly. Plaintiff appeals.

Plaintiff, whose place of business was Kansas City, Mo., dealt in farm electric-lighting plants. R. F. Fitch, whose place of business was Wamego, Pottawatomie county, Kansas, was plaintiff's distributor for territory which included Pottawatomie county. August Uhlrig, who lived on a byroad, R. F. D. No. 5, out of Wamego, gave Fitch an order for a plant, and as part payment executed and delivered to Fitch the notes sued on, which were described in the order. The order and notes were dated November 21, 1923. Fitch indorsed the notes and sent them to plaintiff, who received them on November 24, 1923, and credited them on Fitch's open account. No plant was ever delivered to Uhlrig.

Plaintiff furnished to Fitch blank order forms. The order which Uhlrig signed was addressed to Fitch, and read in part as follows:

"Please enter my order for one Western Electric power and light outfit, to be shipped via U.P.R.R., to August Uhlrig, consignee, at Wamego town, Pottawatomie county, state of Kansas, for which I agree to pay $545, plus forward freight charges. Cash with this order $150. Balance amounting to $395 by two notes, payable at times and in the amounts following: Note for $200 payable August 21, 1924; note for $175 payable November 21, 1924."

Fitch made two carbon copies of the original order. He gave one copy to Uhlrig, and kept the other. Fitch promptly mailed the original order, the two notes, and a credit report on Uhlrig's financial standing, to plaintiff. Fitch testified he believed he did not send a letter to plaintiff with the order and the notes. Plaintiff admitted that when it received the notes it knew they were given for deferred payments on a lighting plant, and that it did not ship a lighting plant to Uhlrig.

It will be observed the order contemplated shipment of the plant to Uhlrig, and contained specific shipping directions. The plant was not to be shipped to Fitch, and by him delivered to Uhlrig. It was to be shipped via U. P. railroad to August Uhlrig, as consignee, at Wamego. This provision of the order could be complied with by nobody except plaintiff. When asked if a plant was shipped to Uhlrig when the notes and order were received, plaintiff's credit manager and chief witness said:

"I can't answer the question the way it is put, because it has nothing to do with our business. This is not our order. I can't tell you anything about it."

In rebuttal the witness testified as follows:

"When this order or when that blank was received, it was merely additional information to be attached to the credit report and the notes showing that he had an order from his customer.

"Q. Were they treated by you as an order for that equipment? A. This was not considered as an order by us; it is not an order on us to deliver a plant to anybody.

"Q. When that was received at your office, would a plant be shipped out to anybody on an order of that kind? A. We would not.

"Q. How were orders received by you from Fitch? A. Fitch would write them on his own stationery.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"On receiving an order from Fitch for a plant I didn't know the person to whom it was finally to be delivered unless he instructed us specifically in his order where to deliver it. If he gave us orders we would follow them."

This testimony was contradicted by Fitch. He testified the method of doing business was, as a rule, that he sent notes with the original orders to the company. With some exceptions, when he sent in an order plaintiff shipped to the person who gave the order. Part of the time plants would come to Fitch, but most of the time to customers. In each instance plaintiff would ship the plant when the order went in. If it was ordered shipped direct to Fitch, it would come to him. If shipment was directed to the purchaser, it went direct to the purchaser. The Uhlrig plant was not ordered shipped to Fitch. When he sent Uhlrig's notes to the company with the order, he expected the company would ship the plant to Uhlrig. He had no plant to deliver to Uhlrig when the notes were executed, and the company would know he could not deliver a plant on that order.

On December 3, 1923, Fitch sent to plaintiff his own order for a plant to be shipped by freight at once. Plaintiff filled the order on December 15, and this plant was received by Fitch on December 21. Plaintiff's chief witness endeavored to connect this order for a plant to be shipped to Fitch with the order for the plant to be shipped to Uhlrig; but Fitch testified the plant ordered in December was not the Uhlrig plant, and he never did order the Uhlrig plant shipped to himself.

The court doubtless regarded plaintiff's explanation of the function of Uhlrig's order as disingenuous. If, as a mere matter of additional information, plaintiff's credit manager read Uhlrig's order, he knew plaintiff was to perform the executory portion of the order, and ship Uhlrig's plant to Uhlrig at Wamego. The general finding in favor of Uhlrig ends the dispute regarding the method of doing business,

so far as this court is concerned. With the facts thus ascertained, the law is clear. Plaintiff was under obligations to deliver Uhlrig's plant via U. P. railroad to Uhlrig at Wamego. This delivery was the consideration for the notes. Plaintiff could not keep the notes, withhold the consideration, and be a holder in due course.

Plaintiff's major proposition of law is that the mere fact plaintiff knew the notes were taken in payment for a light plant to be delivered by Fitch, did not prevent plaintiff from becoming a holder in due course. Authorities are cited which sustain the proposition. It is not necessary to review them, because they have no bearing on this case.

The judgment of the district court is affirmed.